IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Nancy Burbine, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 8620 |
| AIS Services, LLC, a Delaware limited liability company, and First National Collection Bureau, Inc., a Nevada corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Nancy Burbine, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Nancy Burbine ("Burbine"), is a citizen of the State of Massachusetts, from whom Defendants attempted to collect a delinquent consumer debt owed for a GE Money/JC Penney credit card, which was then allegedly owed to a bad debt buyer, AIS Services, LLC.  These collection actions took place despite the fact

that she had told the Defendants that she refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, AIS Services, LLC ("AIS"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant AIS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant AIS is a debt scavenger that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect through other debt collectors.

6. Defendant, First National Collection Bureau, Inc. ("FNCB"), is Nevada corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. FNCB collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

7. Defendants AIS and FNCB are each authorized to conduct business in Illinois and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, AIS and FNCB both conduct business in Illinois.

8. Moreover, Defendants AIS and FNCB are each licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation,

attached as Group Exhibit B.  In fact, AIS and FNCB both act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Burbine is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a GE Money/JC Penney credit card.  At some point in time after that debt became delinquent, Defendant AIS bought Ms. Burbine's GE Money/JC Penney debt.  When Defendant AIS began trying to collect this debt from her, by having another debt collector, Universal Fidelity, send her an initial collection letter, dated September 9, 2007, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.  A copy of this September 9, 2007 collection letter is attached as Exhibit C.

10. Accordingly, on November 3, 2007, one of Ms. Burbine's attorneys at LASPD informed Defendant AIS, through Universal Fidelity, in writing, that Ms. Burbine was represented by counsel, and directed Defendant AIS to cease contacting her, and to cease all further collection activities because Ms. Burbine was forced, by her financial circumstances, to refuse to pay her unsecured debt.  A copy of this letter is attached as Exhibit D.

11. Nonetheless, despite being advised that Ms. Burbine was represented by counsel and refused to pay the debt, Defendant AIS had Defendant FNCB send Ms. Burbine a collection letter, dated September 2, 2011, which demanded payment of the GE Money/JC Penney debt.  A copy of this collection letter is attached as Exhibit E.

12. Accordingly, on October 30, 2011, Ms. Burbine's attorneys at LASPD had to inform Defendants again that they must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit F.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Burbine's agent/attorney, LASPD, told Defendants to cease communications and to cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

4

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew, or readily could have known, that Ms. Burbine was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Exhibit D), that Ms. Burbine was represented by counsel, and had demanded a cessation of communications with Ms. Burbine. By directly sending Ms. Burbine a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Nancy Burbine, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Burbine, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Nancy Burbine, demands trial by jury.

               Nancy Burbine,

               By: /s/ David J. Philipps
               One of Plaintiff's Attorneys

Dated: December 5, 2011

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com